### STRUMPF et al. v. JORDAN et al.

(Supreme Court, Appellate Term. June 6, 1907.)

SALES—RESCISSION—RECOVERY OF PRICE PAID.

In an action for the rescission of a contract and the return of the purchase price, where plaintiff had paid part cash and had given notes for the balance, which were past due and in defendant's hands at the time of

the action, instructions that plaintiff could recover for the full amount of the purchase price, including the amount of the unpaid notes, or nothing, were erroneous.

Appeal from City Court of New York, Trial Term.

Action by Max Strumpf and another against William H. Jordan and others. From a judgment for plaintiffs, defendants appeal. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

John T. Booth, for appellants.
Morris Durst, for respondents.

GOFF, J. By written proposal the defendants engaged to furnish to plaintiffs two 15 horse power Perritt motors, second-hand, guarantied to be in first-class condition, free from electrical and mechanical defects for one year, to set them up, wire for, and supply certain lights and accessories for the sum of $503; $200 to be paid on delivery, and the balance in monthly payments. The plaintiffs accepted, and executed a chattel mortgage to defendants on the motors, conditioned for the payment of the purchase price of $503 as follows:

"Two hundred and no/100 dollars in cash, and the balance at the maturity, respectively, of the following described notes, made by us, all and severally of said notes bearing date January 1, 1904, and due July 1, 1904, $151.50, and January 1, 1905, $151.50; all of the said notes bearing interest from date thereof until fully paid at and after the rate of 6 per cent. per annum."

The $200 were paid, the notes were made and delivered, and the motors installed. After they were installed plaintiffs complained that they were defective, and inadequate for the purposes for which they were furnished. Defendants insisted that they were all that was represented, and from time to time sent electrical mechanics and experts to discover and remedy the troubles. On the various occasions that these men were sent they found that the plaintiffs were running the motors overloaded or that the fuses had blown out. While the men were present the motors worked all right; but when the men left, and one of the plaintiffs ran the motors, there was difficulty. This condition continued for about three months, and finally the plaintiffs told the defendants to take away the motors and return them their purchase money. The defendants took away the motors, and afterwards sold them, but did not return the purchase money to the plaintiffs. Subsequently this action was commenced by plaintiffs for rescission of the contract and return of the purchase price of the motors. There were other elements in the action, but they are now immaterial. The justice charged the jury:

"This is not a case for a compromise. The plaintiffs sue to recover the sum of $200, which they paid, together with the value of the two notes they gave to the defendants, of $151.50 each, making a total of $503. Either the plaintiffs are entitled to all or none."

This was excepted to by plaintiffs' counsel on the ground that the instruction—

"includes the value of the notes, and there is no evidence of their value. They are past due, unpaid, and in our possession.

"The Court: You may have your exception." Plaintiffs' Attorney: "I ask your honor to charge as a matter of law that all that was incumbent upon us was to return all the goods, and then we would be entitled to recover the full amount of the purchase price.

"The Court: I so charge, in case the jury find that that version of this controversy is the true one."

Exception was taken. After the jury retired they sent in this question:

"May the jury award the plaintiffs the sum as asked in the complaint, except the cost to the defendants for the expense of wiring the plaintiffs' store on Gouverneur street?"

To which the court replied:

"The plaintiffs are entitled to $503, or nothing. (Exception was taken.)

"Defendants' Attorney: I ask your honor to instruct them that they may award the plaintiffs the sum of $200, if they find that the notes are unpaid and of no value."

The court declined to so instruct, and exception was taken. The jury returned a verdict for the plaintiffs for $503 on the 25th of January, 1907, and on the day following judgment was entered for $597.-29 damages, with costs. In the record I find neither proof nor mention of any other or additional sum than the $503. By what authority there was added the additional sum of $94.29 does not appear. The clerk was authorized to compute interest on the verdict, but that was for one day only, and amounted to about 8 cents.

Exception was taken to the admission of parol evidence which tended to enlarge the scope of the written contract. This might have been meritorious, had proper objection been made; but, as there was not, it cannot be considered here. Besides, it does not appear that the result was in any way affected by it.

The main point is, were the quoted instructions error? The jury were told that, if they found for the plaintiffs, they "must find the amount which they had paid." What had they paid? Two hundred dollars only. They gave two written promises to pay the balance, but they never paid it. The notes were admitted in evidence, and it was conceded by plaintiffs' counsel that nothing had ever been paid. Manifestly they were overdue and in the possession of the defendants. In face of this concession, how could the jury rightfully find that they had been paid and direct the defendants to return the money? A note is but a promise to pay, simply evidence of the maker's obligation. The note of itself is of no intrinsic value, and, unless the promise be redeemed, it is valueless. There is a legal presumption that, as to a holder in due course, a note was issued for a valuable consideration; but there is no legal presumption that a note of itself is of the value which it purports. Indeed, the proof here showed that the notes were valueless. Nor could it be said that the plaintiffs need have apprehension of being called upon to pay them in the hands of third parties, for they were overdue and still in the hands of the original holders. By the verdict the plaintiffs received $200 for the money which they had actually paid and $303 for two worthless slips of paper. On no conceivable theory of justice can this be sustained. The instructions were clearly erroneous. Since the motors were returned to and ac-

cepted by the defendants, and afterwards sold by them, and no claim for damages for use or deterioration was made, it is but just that the defendants should pay the plaintiffs the $200 which they actually received (under the circumstances the return of the notes would seem to be proper; but, not being within the issues of the case, a direction cannot be made); but it is not just that they should pay for what they did not receive.

Judgment modified, by reducing the recovery to the sum of $200, with appropriate costs in the court below, and, as so modified, affirmed, without costs of this appeal. All concur.