GUSSIE SELIGMAN, Respondent, *v*. JOSEPH E. DUFF, etc., Appellant.

(Supreme Court, Appellate Term, First Department, December, 1919.)

Damages — evidence — contracts — negotiable instruments — appeal.

> Where in an action to recover the purchase price of a power press sold to plaintiff's assignor by defendants with warranty that it was in perfect condition, whereas in fact it was cracked

Appellate Term, First Department, December, 1919. [Vol. 109.

and unfit for use, and also for damages, the evidence is sufficient to sustain a judgment in plaintiff's favor, it is too late on appeal from the judgment to raise the point that there was no direct evidence to show that the purchaser's cause of action had been assigned to plaintiff.

Plaintiff's assignor having paid a part of the purchase price of the power press by a check which defendants had cashed was entitled upon rescinding the contract to the return of at least the amount of the check and was also entitled to the return of a note given for the balance of the purchase price which, unless it had been transferred to a holder for value, was worthless. *Held*, that in the absence of evidence as to whether the note was still in the hands of defendants or had been transferred in due course, the judgment in plaintiff's favor for the combined amount of the check and note should be modified by deducting the amount of the note, and as so modified affirmed.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, entered in favor of the plaintiff.

Edgar Hirschberg, for appellant.

Mayer & Mayer (Sophie Mayer, of counsel), for respondent.

LEHMAN, J. The plaintiff herein has recovered a judgment for the amount alleged to have been paid by her assignor as the purchase price of a power press which the defendants sold. The pleadings were oral and the indorsement on the summons reads: " Breach of warranty on the sale of a power press and for the return of the purchase price and damages." The plaintiff at the trial produced evidence which in my opinion is sufficient to show that the defendants warranted the power press to be in perfect condition, whereas in fact the press was cracked and entirely

unfit for use, and that the purchasers of the machine discovered the defect as soon as they had opportunity to examine the power press, and thereupon rescinded the contract of sale, offered to return the press and demanded the repayment of the purchase price. It further appeared that the purchasers had paid the agreed price of $550, by delivery to the defendants of a check for $275 and a note for the same amount payable thirty days thereafter. Although the defendants contradict the testimony produced by the plaintiff both in regard to the giving of the alleged express warranty and in regard to its breach if given, the trial justice apparently believed the plaintiff's witnesses, and rendered judgment for the sum of $550, the purchase price of the power press, and in the further sum of $20 for cartage and expenses incurred by the purchasers in removing the press to their place of business.

There is no direct evidence in the record to show any assignment of the purchasers' cause of action to the plaintiff, but at the trial such assignment was apparently assumed and no motion was made to dismiss on this ground. It seems too late for the defendant upon this appeal to question the sufficiency of proof upon this element of the plaintiff's cause of action. With that exception there seems to me sufficient evidence to sustain a judgment in favor of the plaintiff, but in my opinion the damages allowed by the learned trial justice are excessive. Upon the rescission of the contract by the plaintiff's assignors they were entitled to the return of the consideration that they had paid upon the contract. They had paid $275 by check which was cashed, and they were therefore entitled to the return of at least that sum. They had given their note for the sum of $275, and they were entitled to the return either of the note itself, and if that was refused, they

were entitled to recover its value. The maker of the note had an absolute defense if sued upon it by any person other than a purchaser for value and except in the hands of a purchaser for value the note was valueless. There is no evidence in this case as to whether the note is still in the hands of the defendants or has been transferred to a holder in due course. If it is in the hands of the defendants, then it is clear that the judgment in favor of the plaintiff is excessive, for the plaintiff would then have recovered the face value of the note, and yet if the defendants were to sue the plaintiff's assignors, the makers of the note, they would in no wise be estopped by this judgment, and would be in a position to interpose failure of consideration as a defense to a suit brought against them on the note. See *Strumpf* v. *Jordan,* 104 N. Y. Supp. 766. While it is true that in that case there was affirmative evidence that the notes were in the hands of the defendants at the time of the trial, and there is no such evidence in this case, this distinction seems to me immaterial. It is the plaintiff that is claiming damages and she must prove the value of the note paid on the contract. Unless the note has been transferred to a holder for value, the note is valueless, and we have no right to presume that such transfer has been made.

I have not been able, in a somewhat cursory search, to find any case where this point has been directly presented, but obviously such a question would arise very rarely. Ordinarily if the vendor is still in possession of the note he would counterclaim for its amount when sued by a purchaser upon a rescission of the contract, and possibly if the vendor failed to plead such counterclaim the court would be justified upon very slight additional evidence in holding that the note was no longer in his possession, and that therefore no such counter-

claim could be urged.  In the present case it must be noted that the plaintiff is merely the assignee of the purchasers, and that, therefore, the defendants could not plead a counterclaim, even if the note is still in their possession, and that judgment in plaintiff's favor which includes the face value of the note would not prevent her assignors from pleading as a defense to the note the breach of warranty for which the plaintiff has already recovered judgment.  It follows that the judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event, unless within ten days after the entry of order herein, the plaintiff shall stipulate that the judgment be reduced to the sum of $295, with interest and appropriate costs, and in that event the judgment as modified will be affirmed, without costs to either party.

BIJUR and WAGNER, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant, unless plaintiff stipulates that judgment be reduced to $295, and in that event judgment modified and, as so modified, affirmed, without costs to either party.